**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LEE LOWIS,

      Plaintiff,

v.                                                   Case No. 07-CV-14681-DT

JASON VIRDEN, MARK LANE, RICHARD
POOLE, THOMAS BENNETT and SCOTT
AUSTIN,

      Defendants.
                                                  /

**ORDER DENYING "PLAINTIFF'S VERIFIED *EX PARTE* EMERGENCY
REQUEST FOR ENTRY OF A TEMPORARY RESTRAINING ORDER"
AND DIRECTING PLAINTIFF TO SERVE DEFENDANTS**

On October 31, 2007, Plaintiff Lee Lowis filed his complaint and "Verified *Ex Parte* Emergency Request for Entry of a Temporary Restraining Order" in the above-captioned matter. When evaluating a petition for a temporary restraining order ("TRO"), a district court must strictly adhere to the requirements of Federal Rule of Civil Procedure 65. *Leslie v. Penn C. R. Co.*, 410 F.2d 750, 751 (6th Cir. 1969) (quoting *Austin v. Altman*, 332 F.2d 273, 275 (2d Cir. 1964)). Rule 65 states in relevant part that:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damages will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b). When evaluating whether to grant a TRO, the court must consider "(1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a [TRO], (3) whether granting

the [TRO] would cause substantial harm to others, and (4) whether the public interest would be served by granting the [TRO]." *N.E. Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006) (citations omitted). These factors are "interrelated considerations that must be balanced together," not independent prerequisites. *Id.* (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)). "For example, the probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury the movants will suffer absent the [TRO]." *Id.* (citing *Griepentrog*, 945 F.2d at 153).

The court is not persuaded that the requirements for issuing a temporary restraining order without notice to the adverse party under Federal Rule of Civil Procedure 65(b) are met in this case, primarily because Plaintiff has failed to show a "strong likelihood" that he will succeed on the merits.[1]  Accordingly,

IT IS ORDERED that "Plaintiff's Verified *Ex Parte* Emergency Request for Entry of a Temporary Restraining Order" [Dkt. # 2] is DENIED.  Plaintiff is DIRECTED to serve Defendants with all the pleadings in this case, including this order, and a scheduling conference will be arranged as soon as possible after Plaintiff files his proofs of service.

 S/Robert H. Cleland   
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  November 1, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 1, 2007, by electronic and/or ordinary mail.

---

[1] Additionally, the court is not persuaded that granting a TRO would be in the public interest or that "Defendants would suffer no harm," (Pl.'s Mot. at 8), if the court were to grant the motion.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522